# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

JANE DOE,

        Plaintiff,

vs.                                           Case No. 08-1039-JTM-DWB

USD 358,

        Defendant.

## AGREED PROTECTIVE ORDER

      Pursuant to Federal Rule of Civil Procedure 26(c), the parties to this action, by their respective counsel, have agreed that entry of this Agreed Protective Order will expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, provide adequate protection for material entitled to be kept confidential, and insure that protection is afforded only to material so entitled. This action involves claims for gender discrimination in the context of an educational relationship. Discovery in this case therefore may require the production of otherwise non-public personal and student records (addresses, social security numbers, telephone numbers, grades, income information, financial aid records, educational information, admissions applications, evaluations, etc.), dissemination of which could violate Plaintiff's privacy and/or cause Defendant to violate the Family Educational Rights and Privacy Act, 20 U.S.C. § 1232g.  Public disclosure of such information may be invasive to privacy interests and cause embarrassment and/or financial or commercial harm to a party or non-party individual who is the subject of such information. The parties to this action have agreed to the entry of this protective order herein and have shown good cause therefore. Accordingly, it is hereby:

ORDERED that the confidentiality of the aforementioned documents (hereinafter "Confidential Information") shall be protected and governed as follows:

1. **Designation:** Any party may designate Confidential Information by physically marking it in a non-obtrusive manner (no water marks) as "CONFIDENTIAL" when feasible or, if not feasible, by notifying the discovering party in writing of its protected nature at the time of production.

2. **No Disclosure:** Consistent with the terms of this Agreed Protective Order, and except upon further Order of this court or by express written consent of counsel for the parties, Confidential Information furnished in this action by any of the parties shall not be disclosed to any person other than**:**

> a. Counsel for the parties in this action who are actively engaged in the conduct of this litigation, and the partners, associates, secretaries, legal assistants, and employees of such counsel, to the extent reasonably necessary to render professional services to the litigation;
>
> b. The court and its personnel, including court reporters, persons operating video recording equipment at depositions, and any special master or mediator appointed by the court;
>
> c. Any independent document reproduction services or document recording and retrieval services;
>
> d. Outside consultants or expert witnesses to be utilized for the purposes of this litigation by any party upon agreement of such consultants or expert witnesses to be bound by the terms of this Agreed Protective Order, in the form attached hereto as the "Acknowledgment;"

    e.    Representatives of insurers of defendant having potential responsibility for plaintiff's claims.

    f.    The parties to this action.

    g.    Such other persons who may be specifically designated and qualified to receive Confidential Information pursuant to Court Order or provisions of paragraph 3 hereof.

3.    **Obtain Acknowledgment:** Prior to disclosure of any Confidential Information to any person identified in paragraph 2.d. or 2.e., such person shall be given a copy of this Order and shall certify a sworn statement as set forth in the "Acknowledgment" that he/she has read and understands this Order, agrees to comply with its terms and, only for the purpose of securing compliance with its terms, irrevocably submits his/her person to the jurisdiction of this Court. The party providing Confidential Information to such person shall hold the signed statement of each such person. Such statements shall be produced to counsel for the opposing party upon written demand at the conclusion of this litigation.

4.    **Use of Confidential Information:** Confidential Information shall be used only in connection with these proceedings and any appeals arising therefrom. No information produced in discovery in this case, including but not limited to Confidential Information, shall be used for any purpose other than in connection with this case and any appeals arising therefrom. No Confidential Information shall be disclosed to any other person, party, entity, agency, print or electronic media, or anyone outside this proceeding for any purpose.

5. **Maintaining Confidentiality**: The recipient of any Confidential Information provided pursuant to this Order shall maintain such Confidential Information in a secure and safe area. The recipient shall take care that any such information or the content of such information, or notes and memoranda relating thereto, not be disclosed to anyone other than qualified persons.

6. **Filing Confidential Information**: If any party seeks to file information designated as "CONFIDENTIAL" with the Court as a part of a motion, brief, or related matter, that party shall first file a motion with the Court and be granted leave to file the particular document under seal (unless otherwise agreed by the parties or ordered by the Court) as provided in the Court's Administrative Procedure for Filing, Signing, and Verifying Pleadings and Papers by Electronic Means, Paragraph II(J).

7. **Confidential Information in Depositions**: Parties (and deponents) may, within thirty (30) days after receiving the transcript of a deposition, designate pages of the transcript (and exhibits thereto) as confidential. Confidential Information within the deposition transcript may be designated by a letter to opposing counsel indicating the portions of the transcript that are confidential. Until expiration of the thirty-day period, the entire transcript will be treated as subject to protection against disclosure under this Order. If no party or deponent timely designates Confidential Information in a deposition, then none of the transcript or its exhibits (other than those previously designated) will be treated as confidential.  There shall be no need to redesignate documents or exhibits, which have been previously designated, as confidential.

8. **Subject to Court's Jurisdiction**: Each person to whom disclosure of all or part of the aforesaid Confidential Information is made agrees to subject himself/herself

to the jurisdiction of this Court for the purpose of proceedings relating to the performance under, compliance with, or violation of this Agreed Protective Order.

9.  **Confidential Information at Trial**: Subject to the Federal Rules of Evidence, Confidential Information may be offered in evidence at trial or any court hearing, provided that the proponent of the evidence has indicated on its Court-ordered Exhibit List any proposed exhibits that are designated as Confidential. Any party may move the Court for an order that the Confidential Information be received in camera or under such other conditions as are necessary to prevent disclosure. The Court will then determine whether the proffered evidence should continue to be treated as Confidential and, if so, what protection may be afforded such information at the trial. Under no circumstances shall the trier of fact be advised that certain information has been designated "Confidential," unless requested or approved by the designating party.

10. **Return of Confidential Information**: Within sixty (60) days of the final determination of this action, including the expiration of time for any further appeals, whether by judgment, settlement, or otherwise:

   a.  Counsel of record for the party designating Confidential Information may request, in writing, the return of all documents containing Confidential Information;

   b.  Upon receipt of a timely, written request for the return of all documents containing Confidential Information, counsel of record for each party receiving Confidential Information shall return to the designating party all such documents containing Confidential Information and all notes, memoranda, copies, abstracts, excerpts, or other parts within sixty (60) days of the written request, except that

all materials constituting work product of such counsel shall be destroyed by the party in possession;

c.      All persons who received any Confidential Information pursuant to paragraphs 2.e and 2.f of this Agreement, shall return to the producing party all copies of Confidential Information that are in the possession of such person(s), together with all notes, copies, abstracts, excerpts, memoranda, or other parts, and counsel for the producing party shall dispose of the documents and things in accordance with paragraph 10.b.; and

d.      Where counsel of record for the party designating Confidential Information properly requests the return of all documents containing Confidential Information, counsel of record for each party shall confirm in writing that all Confidential Information, documents and things together with all notes, copies, abstracts, memoranda, excerpts, or other parts have been returned to the producing party or destroyed in accordance with the terms of paragraphs 10.b. and 10.c. above; and

e.      The provisions of this Agreed Protective Order relating to the return and destruction of Confidential Information do not apply to the Court or its personnel.

11.    **No Admission:** Nothing in this Order shall be construed as an admission as to the relevance, authenticity, foundation or admissibility of any document, material, transcript, or other information.

12. **No Waiver:** Nothing in this Order constitutes an agreement to produce documents or a waiver of requirements that parties follow the Federal Rules of Civil Procedure relating to discovery and document production.

13. **Order Pursuant to 20 U.S.C. § 1232g(b)(2)(B):** The Court finds that education records of T.H., the student or former student of U.S.D. 308 whom plaintiff alleges sexually harassed her, are relevant to issues in this case. The Court hereby orders that education records of T.H. shall be disclosed pursuant to this protective order after notification by the District to the parent(s) of T.H. in accordance with 20 U.S.C. § 1232g(b)(2)(B).

**IT IS SO ORDERED.**

Dated: April 11, 2008.
                                            s/ DONALD W. BOSTWICK
The Honorable Donald W. Bostwick
United States Magistrate Judge

APPROVED BY:

| DAVID P. CALVERT | FISHER, PATTERSON, SAYLER & SMITH, L.L.P. |
|---|---|
| By: /s/ David P. Calvert<br>David P. Calvert, KS# 06628<br>The Buttermilk Lion Building<br>532 North Market<br>Wichita, Kansas 67214-3514<br>Telephone: 316-269-9055<br>Facsimile: 316-269-0440<br>E-mail: lawdpc@swbell.net | By: /s/ J. Steven Pigg<br>J. Steven Pigg, KS# 09213<br>3550 S.W. 5th Street<br>P.O. Box 949<br>Topeka, Kansas 66601-0949<br>Telephone: 785-232-7761<br>Facsimile: 785-232-6604<br>E-mail: spigg@fisherpatterson.com |
| *ATTORNEY FOR PLAINTIFF JANE DOE* | *ATTORNEYS FOR DEFENDANT USD 358* |

## ACKNOWLEDGMENT

The undersigned hereby acknowledges that he/she has read the AGREED PROTECTIVE ORDER which was signed by the court on _____ in the case captioned _____; that he/she is one of the persons contemplated to be given access to the information designated confidential by one of the parties; that he/she fully understands and agrees to abide by the confidentiality obligations and conditions thereunder; and that he/she voluntarily subjects himself/herself to the jurisdiction of this Court for purposes of enforcing the Agreed Protective Order.

_____
Signature

_____
Title or Position

Dated: _____

Subscribed and sworn to before me, a notary public, this \_\_\_\_ day of _____, _____.

_____
NOTARY PUBLIC

My Commission Expires:
_____